## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

_____
)
THE CONNECTICUT LIGHT AND POWER  )
COMPANY,                          )
          Plaintiff         )
)
v.                               )
)
VERIZON NEW YORK INC.,           )
          Defendant.         )
_____)

**Civil Action**
**No. 3:14-cv-01152 -SRU**

**Courtesy Chambers Copy To:**

The Honorable Stefan R. Underhill
United States District Judge
Brien McMahon Federal Building, Suite 411
915 Lafayette Blvd
Bridgeport, CT. 06604

### JOINT STATEMENT OF THE PARTIES PURSUANT TO LOCAL RULE 26(f)

Date Complaint Filed: August 11, 2014

Date Complaint Served: August 15, 2014

Date of Defendant's Appearance: October 14, 2014

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on

November 6, 2014. The participants were:

- Joshua A. Lewin, Esq., for plaintiff, The Connecticut Light and Power Company.
- Ronald Langlois, for defendant Verizon New York Inc.

## I. Certification

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the parties' claims and defenses and any possibilities for achieving a

prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction

### A. Subject matter Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1332(a), as there is complete diversity of citizenship and the amount of damages exceeds $75,000.

### B. Personal Jurisdiction

Personal Jurisdiction is not contested.

## III. Brief Description of Case

### A. Claims of Plaintiff:

The Plaintiff alleges that the Defendant breached the parties' contract which required Verizon to maintain "in good order and repair" its telecommunications and cable television wires which were attached to CL&P's utility poles.  Specifically, CL&P claims that the Defendant failed to maintain its wires sufficiently taught and sufficiently high above the roadway to prevent being struck by vehicles passing along the roadway underneath.  As a result, a truck struck the wires and pulled over CL&P's utility pole, causing major damage to CL&P's electrical distribution facilities.  CL&P alleges that it incurred $258,634.35 in damages performing its repairs, replacing its damaged equipment, and restoring power to its customers.

### B. Defenses of Defendant

The plaintiff alleges that "Verizon failed to maintain its wires and cables and fixtures  … in  good order and  repair and, as a result, its wires hung  below the  minimum  height  over the

2

roadway allowed by applicable codes and regulations" and that this was a violation of the parties joint pole agreement which requires that " Each party shall maintain in good order and repair at it's own expense , its own wires… on all JOINTLY OWNED poles…"

It is Verizon's position that that the plaintiff's complaint sounds in negligence not breach of contract. "Where "liability to the plaintiff, if any, is based on principles of tort law . . . the plaintiff may not convert that liability into one sounding in contract merely by talismanically invoking contract language in his complaint." *Gazo v. Stamford*, 255 Conn. 245, 262, 765 A.2d 505 (2001).

"[T]ort claims cloaked in contractual language are, as a matter of law, not breach of contract claims . . ." *Weiner v. Clinton*, 106 Conn.App. 379, 383, 942 A.2d 469 (2008). To ensure that plaintiffs do not attempt to convert negligence claims into breach of contract claims 'by talismanically invoking contract language in [the] complaint'; *Gazo v. Stamford*, 255 Conn. 245, 262, 765 A.2d 505 (2001); reviewing courts may 'pierce the pleading veil' by looking beyond the language used in the complaint to determine the true basis of the claim." (Internal quotation marks omitted.) *Meyers v. Livingston*, *Adler, Pulda, Meiklejohn and Kelly*, P.C., 311 Conn. 282, 290-91, 87 A.3d 534 (2014).

There is no evidence that Verizon knew or should of known of any problems with the wires at the accident scene. Accordingly there is no evidence that Verizon did not maintain its wires in "good order and repair".

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are

3

undisputed:

      a.   On January 30, 2012, a vehicle traveling down Riversville Rd. struck overhead telecommunications wires and caused Pole #69171 to break.

**V. Case Management Plan:**

    A. Standing Order on Scheduling in Civil Cases

    The parties **[request]** modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B. Scheduling Conference with the Court

The parties [**do not request**] a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). The parties prefer a conference [**by telephone**].

    C. Early Settlement Conference

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice.  Settlement [may be enhanced by use of the following procedure]: The parties are discussing alternative dispute resolution, including the possibility of mediation or arbitration.

2. The parties **do not** request an early settlement conference.

3. The parties prefer a settlement conference with [the presiding judge] [a magistrate judge] [a parajudicial officer] [special masters].

4. The parties  [**do not request**] a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

<u>D. Joinder of Parties and Amendment of Pleadings</u>

1. Plaintiff(s) should be allowed until November 28, 2014 to file motions to join additional parties and until [December 15, 2014] to file motions to amend the pleadings.

2. Defendant(s) should be allowed until January 30, 2015 to file motions to join additional parties and until [date] to file a response to the complaint.

<u>E. Discovery</u>

a. The parties anticipate that discovery will be needed on the following subjects:

- The identity of the owner of the wires which were struck in the accident (i.e., to confirm that the wires struck were owned by Verizon).
- The height of the wire(s) crossing Riversville Road on the date of and before the date of the accident.
- The manner in which the accident occurred, including the height of the vehicle that struck the wires.
- Verizon's alleged failure to maintain its wires and equipment in good order and repair
- CL&P's claimed damages.
- CL&P's knowledge of condition of poles and wires.

b. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ.  P. 26(b)(4), will be commenced by November 6, 2014, and completed (not propounded) by **May 7, 2015**

c. Discovery will **not** be conducted in phases.

d. Discovery on _____ will be completed by [date].

e. The parties anticipate that the plaintiff(s) will require a total of 4-5 depositions of fact witnesses and that the defendant(s) will require a total of 5-6  depositions of fact witnesses. The depositions will commence by [date] and be completed by May 7, 2015.

5

f. The parties [**will not**] request permission to serve more than 25 interrogatories.

g. Plaintiff at this time **does intend** to call expert witnesses at trial.  Plaintiff/s will

designate all trial experts and provide opposing counsel with reports from retained experts

pursuant to Fed. R. Civ. P. 26(a)(2) by **February 9, 2015**.  Depositions of any such experts will

be completed by **May 7, 2015**.


h. Defendant/s [intend] to call expert witnesses at trial. Defendant/s will designate all trial
experts and provide opposing counsel with reports from retained experts

pursuant to Fed. R. Civ. P. 26(a)(2) by [**June 8, 2015**]. Depositions of such experts will be
completed by **July 7, 2105**.

i. A damages analysis will be provided by any party who has a claim or counterclaim for
damages by January 15, 2015.


j. Undersigned counsel have discussed the disclosure and preservation of electronically stored
information, including, but not limited to, the form in which such data shall be produced, search
terms to be applied in connection with the retrieval and production of such information, the
location and format of electronically stored information, appropriate steps to preserve
electronically stored information, and the allocation of costs of assembling and producing such
information.

k. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of
privilege or work-product protection, including procedures for asserting privilege claims after
production.


F. Dispositive Motions:

Dispositive motions will be filed on or before **July 7, 2015**.


G. Joint Trial Memorandum

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil

Cases will be filed by **August 7, 2015**.

## VI. TRIAL READINESS

The case will be ready for trial by **September 7, 2015**.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Plaintiff, The Connecticut Light & Power Company

By:  /s/ *Joshua A. Lewin, Esq.*
Joshua A. Lewin, Bar# phv07056
Wesley S. Chused, Bar# ct00328
LOONEY & GROSSMAN LLP
101 Arch Street
Boston, MA  02110
T: (617) 951-2800
F:  (617) 951-2819
wchused@lgllp.com
jlewin@lgllp.com
Date:

Defendant, Verizon New York Inc.,
By its Attorney,

By  /s/ Ronald P. Langlois, Esquire
Ronald P. Langlois, Bar #phv07062
Langlois, Wilkins, Furtado & Metcalf, PC
317 Iron Horse Way, Suite 203
Providence, RI 02908
Tel: (401) 351-9970
Fax: (401) 274-6218
Email: rlanglois@lwfmlaw.com

Date: November 7, 2014

4811-6566-7360, v. 2